IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RICHARD WILLIAM SLANKARD                                                 PLAINTIFF

v.                        CIVIL NO. 5:16-CV-5086

NANCY A. BERRYHILL,[1] Acting Commissioner
Social Security Administration                                           DEFENDANT

**MEMORANDUM OPINION AND JUDGMENT**

Plaintiff, Richard William Slankard, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed his applications for DIB and SSI on July 23, 2014. Plaintiff alleged an inability to work since July 1, 2014, due to being slow mentally, nervousness, hearing loss and pain in his left ear, headaches, and neck pain. (Tr. 60). An administrative hearing was held on March 3, 2015, at which Plaintiff and a vocational expert testified. (Tr. 32-58).

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

By written decision dated June 18, 2015, the ALJ found that during the relevant time period, Plaintiff had a severe impairment of mild intellectual disability. (Tr. 17). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairment did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform a full range of work at all exertional levels but with the following nonexertional limitations: He is able to perform work where interpersonal contact is incidental to work performed; complexity of tasks is learned and performed by rote, with few variables, requiring little judgment; and supervision required is simple, direct, and concrete. Plaintiff is limited to jobs that do not require complex written communication, and he is limited to jobs that do not require excellent hearing. (Tr. 19). With the help of a vocational expert, the ALJ determined that Plaintiff could perform his past relevant work as a sandblaster. (Tr. 25).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on September 24, 2015. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7.) Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that

supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs.  For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision.  Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice.  See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 29th day of September, 2017.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE